NICHOLAS R. CARBONE *v.* ZONING BOARD OF APPEALS OF THE CITY OF HARTFORD ET ALS.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

 

Argued April 2—decided May 6, 1940.

*Francis P. Pallotti* and *Joseph J. Fauliso,* for the appellant-appellee (plaintiff).

*A. A. Ribicoff,* with whom, on the brief, were *Vincent W. Dennis,* corporation counsel, and *Harold Borden,* assistant corporation counsel, for the appellant-appellee (named defendant).

MALTBIE, C. J.   The plaintiff took an appeal from the defendant board to the Superior Court.   Under the provisions of the General Statutes and of the charter of the city, such appeals are required to be taken within fifteen days from the date of the decision of the board.   General Statutes, § 429; 20 Special Laws, p. 727.   The defendants pleaded in abatement that more than the fifteen-day period had elapsed before this appeal was taken.   The plaintiff admitted in his answer that this was so but as a special defense pleaded that

he had taken an appeal within the specified time, that a plea in abatement to it had been sustained and that the present appeal was brought under the provisions of § 6024 of the General Statutes. The defendants demurred to the special defense upon the ground that § 6024 did not apply to such an appeal as the one before us, but the trial court overruled the demurrer. If that ruling was erroneous, the plea in abatement was well taken upon the allegations admitted in the answer. The decisive question is whether § 6024 applies in such a proceeding as an appeal from a zoning board. The pertinent portion of the statute is as follows: "If any action, commenced within the time limited by law, shall have failed one or more times to be tried on its merits . . . because the writ was abated . . . the plaintiff . . . may commence a new action for the same cause at any time within one year after the determination of the original action. . . ." More specifically, the issue is, does the word "action" in that section include such appeals.

In *Waterbury Blank Book Mfg. Co.* v. *Hurlburt*, 73 Conn. 715, 49 Atl. 198, the question was whether a proceeding in a district court where judgment had been entered upon an award made pursuant to a rule of court was an "action" within a statute permitting an appeal to the Superior Court from judgments or decrees in "actions" involving more than a certain sum. We held that the proceeding was an "action" within the meaning of the statute, and said (p. 717): "In a general sense the word 'action' means the lawful demand of one's right in a court of justice; and in this sense it may be said to include any proceeding in such a court for the purpose of obtaining such redress as the law provides." So we have placed a similarly broad construction upon the words "cause or action" as used in § 5689 of the General Stat-

utes authorizing appeals to this court, including, for example, proceedings for admission to the bar, the disbarment of an attorney, or in naturalization. *O'Brien's Petition,* 79 Conn. 46, 59, 63 Atl. 777; *In re Durant,* 80 Conn. 140, 149, 67 Atl. 497; *In re Naturalization of Fordiani,* 98 Conn. 435, 444, 118 Atl. 517. However, the word "action" has no precise meaning and the scope of proceedings which will be included within the term as used in the statutes depends upon the nature and purpose of the particular statute in question. Thus in *Barber's Appeal,* 63 Conn. 393, 413, 27 Atl. 973, we held that an appeal from a decree of a Court of Probate admitting a will to probate was not an "action" within the meaning of that word as used in § 5608 of the General Statutes making the declarations of deceased persons admissible in "actions" by or against their representatives, although we noted that such a proceeding was within the meaning of the word as used in some statutory proceedings, citing the statute authorizing appeals to this court; while in *Mulcahy* v. *Mulcahy,* 84 Conn. 659, 661, 81 Atl. 242, we held that an appeal from a decree of a Court of Probate denying a petition to compel a correction of the inventory of an estate was an "action" within the same statute, construing the statute in the light of the subject and purpose of the law and the mischief to be remedied. In *Porter* v. *Ritch,* 70 Conn. 235, 259, 39 Atl. 169, we held that an order by a Court of Probate for the temporary detention of an insane person was not an "action" within the principle that an action was not commenced until service of process had been made on the defendant, and we said, referring to a definition of an action given by Chief Justice Marshall in *Cohens* v. *Virginia,* 6 Wheat. (19 U. S.) 264, 407, that, within the principle he was stating, it obviously would not include "proceedings or actions in

rem, nor proceedings in the nature of an inquest of office, and other like proceedings."

In *Slattery* v. *Woodin,* 90 Conn. 48, 96 Atl. 178, the claim was made that in an appeal from the decree of a Court of Probate for the distribution of an estate either party was entitled to a trial by jury under the provision in Article First, Section 21, of our Constitution, that "The right of trial by jury shall remain inviolate," it appearing that in 1818, when the Constitution was adopted, there was a statute in effect which provided that "all actions" tried before the Superior or county courts when issue was joined on any matter of fact should be tried to the jury. We pointed out that an appeal from probate was a special and peculiar proceeding having its source wholly in the statutes, and that it was not an "action" within the terms of the statute in question. We said (p. 50): "The accepted meaning of the term 'civil action' in this State is very well illustrated by the provision of our Practice Act . . . that 'there shall be but one form of civil action, and the pleadings therein shall be as follows: The first pleading on the part of the plaintiff shall be known as the complaint, and shall contain a statement of the facts constituting the cause of action, and a demand for the relief to which he supposes himself to be entitled.' "

In *Korb* v. *Bridgeport Gas Light Co.,* 91 Conn. 395, 99 Atl. 1048, a case which the trial court held to be decisive of the issue presented on the demurrer, we held that § 6024 applied not only to obviate the running of statutes of limitation but also as regards limitations of time inherent in a cause of action created by statute. We pointed out (p. 401) that the language of the statute was general and comprehensive, neither embodying nor suggesting reservations or exceptions; that the extension of time was in terms made applica-

ble to all cases where a "suit" seasonably begun had failed for the causes stated; and that if there is to be any restriction, it must be the result of legal construction the reasons for which were not apparent. The action then before us was one brought as an ordinary civil action, and it was of such actions we were speaking. The reasons for construing the word "action" in the statute as not including such a peculiar and wholely statutory proceeding as the one before us are not only apparent but compelling.

Section 6024 of the General Statutes was first enacted in 1862, in substantially the same language as far as it is material to this case as that now appearing in it. Public Acts, 1862, Chap. 14. As indicating the scope of the law intended by the Legislature, some significance may properly be attached to the use of the word "writ" in the statute as indicating that the Legislature had in mind an action begun by a writ in the usual form. See Compilation of 1854, p. 51; Revision of 1930, § 5504. However, the controlling considerations in determining the Legislature's intent in the statute arise out of the elements suggested in *Mulcahy* v. *Mulcahy*, supra. Statutes and special laws such as the one before us fixing a rather brief time in which appeals may be taken to the courts from the orders and decisions of administrative boards are evidently designed to secure in the public interest a speedy determination of the issues involved; and to make it possible to proceed in the matter as soon as the time to take an appeal has passed if one has not been filed. To hold that an appeal in such a proceeding as the one before us is an "action" within the meaning of § 6024, would have the practical effect of eliminating the time factor in taking such appeals. If such an appeal were taken after the time allowed, the appellee would have the choice either of

failing to object to the proceeding and thus disregarding the limitations fixed by the Legislature, or of pleading in abatement, with the result that, the plea having been sustained, the appellant might bring another appeal at any time within the year; and as there is no Statute of Limitations applicable to such appeals, this result would follow though the original appeal was delayed for months or even years. Certainly the Legislature could not have intended by the provisions of § 6024 thus to place it in the power of any appellant to render nugatory the limits it had carefully set for appeals of this nature. Section 6024 does not apply to the proceeding before us and the trial court was in error in ruling that it did. It may be that there are cases where upon the failure of an appeal taken within the time allowed, an appellant should be given the opportunity to bring another appeal after that time, but whether that should be allowed and under what restrictions are matters for the consideration of the Legislature.

There is error, and the case is remanded with direction to sustain the plea in abatement.

In this opinion AVERY and BROWN, Js., concurred; HINMAN and JENNINGS, Js., concurred in the result.