BANK BUILDING AND EQUIPMENT CORPORATION OF
AMERICA ET AL. *v.* ARCHITECTURAL EXAMINING
BOARD OF THE STATE OF CONNECTICUT

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, Js.

Argued October 14—decided October 28, 1965

*Morris Tyler,* with whom, on the brief, was *William L. F. Felstiner,* for the appellants (plaintiffs).

*F. Michael Ahern,* assistant attorney general, with whom were *Carl D. Eisenman,* assistant attorney general, and, on the brief, *Harold M. Mulvey,* attorney general, for the appellee (defendant).

ALCORN, J. The named plaintiff and three individuals have purported to appeal to the Superior Court from orders of the defendant board. The claimed appeal is based on the authority of §§ 52-592 and 52-593 of the General Statutes. Insofar as material, § 52-592 provides that "[i]f any action, commenced within the time limited by law, has failed one or more times to be tried on its merits . . . because the writ was abated, or has been erased from the docket for want of jurisdiction, or the action has been otherwise avoided or defeated . . . for any matter of form . . . the plaintiff . . . may commence a new action for the same cause at any time within one year after the determination of the original action"; and § 52-593 provides that "[w]hen a plaintiff in any civil action has failed to obtain judgment by reason of failure to name the right person as defendant therein, such plaintiff may bring a new action and the statute of limitations shall not be a bar thereto if service of process in such new action is made within one year after the termination of the original action."

The allegations of the purported appeal, founded on these statutes, are that the plaintiffs are aggrieved by orders issued by the defendant board because they are arbitrary, illegal and an abuse of the board's discretion and because the statute under which the board acted is unconstitutional. It is further alleged that the plaintiffs took a timely appeal from these orders and that the appeal was erased and judgment rendered against them on the ground

that the citation accompanying the appeal was addressed to the attorney general rather than to the defendant board.

The statute permitting appeals from orders made by the defendant board is § 20-289 of the General Statutes, as amended by Public Acts 1961, No. 335. That section, so far as material, provides: "Any person aggrieved by an order made under this chapter may, within thirty days after the entry of such order, appeal to the superior court for the county in which he resides from such order, which appeal shall be accompanied by a citation to said board to appear before said court. Such citation shall be signed by the same authority and such appeal shall be returnable at the same time and served and returned in the same manner as is required in the case of a summons in a civil action."

The defendant pleaded in abatement to the present purported appeal on the ground that an appeal lies only under § 20-289 but that the plaintiffs are attempting to appeal only under the authority of §§ 52-592 and 52-593. The court sustained the plea in abatement, and from the ensuing judgment the plaintiffs have taken this appeal, assigning error in the court's action in sustaining the plea. The substance of the plaintiffs' claim is that since their original appeal was erased on the ground that it was accompanied by a citation to the attorney general rather than to the defendant board, as required by § 20-289, the present attempted appeal will lie either under § 52-592, because the original appeal failed in a matter of form, or under § 52-593, because the original appeal failed to name the right defendant.

Basic to the plaintiffs' contention under either statute is the premise that the attempted appeal is

an "action" under § 52-592 or a "civil action" under § 52-593. The plaintiffs ask us, in effect, to overrule *Carbone* v. *Zoning Board of Appeals,* 126 Conn. 602, 13 A.2d 462, which construed what was, at the time of that decision, § 6024 of the 1930 Revision and is now General Statutes § 52-592, and to hold that the reasoning of that case is not applicable to § 52-593. The question in *Carbone* was whether the word "action" as used in what is now § 52-592 included an appeal from a zoning board of appeals, and we held that it did not. See note, 79 A.L.R.2d 1309, 1331 § 8, 1333 § 10. Under the issues in the present case, the use of the words "action" in § 52-592 and "civil action" in § 52-593 carry no distinction of meaning. The question before us is simply whether we should depart from the holding in the *Carbone* case and determine that the appeal attempted here is to be permitted as an "action" or a "civil action" under either of the statutes relied upon. We think that we should not.

The defendant board is an administrative agency created by the state to enforce the statutes regulating the licensing of architects and the practice of architecture. *Connecticut Society of Architects, Inc.* v. *Bank Building & Equipment Corporation,* 151 Conn. 68, 77, 193 A.2d 493. We have uniformly treated zoning boards of appeal as administrative agencies in the field of zoning. *Sipperley* v. *Board of Appeals on Zoning,* 140 Conn. 164, 167, 98 A.2d 907; *Fiorilla* v. *Zoning Board of Appeals,* 144 Conn. 275, 279, 129 A.2d 619. In *Carbone* we held that an appeal from such an agency is not an action within the meaning of what is now § 52-592. The rationale of that decision is equally pertinent to an appeal attempted under § 52-593. The obvious legislative purpose of securing a prompt determination of the

issues in an appeal from the orders of the defendant board under § 20-289 could be nullified as effectively by a resort to § 52-593 as under § 52-592. It is significant that § 20-289, in authorizing appeals from the defendant board, requires that the citation be "signed by the same authority" and that the appeal be "returnable at the same time and served and returned in the same manner as is required in the case of a summons in a civil action." The establishment of the requirements for perfecting an appeal from the doings of the defendant board is the proper prerogative of the General Assembly. *Long* v. *Zoning Commission,* 133 Conn. 248, 252, 50 A.2d 172. The steps prescribed in § 20-289 are easily understood. It is apparent from the language used that the General Assembly intended to set forth a procedure distinct from the ordinary concept of a civil action.

There is no error.

In this opinion the other judges concurred.