HOLLOWAY BROS., INC. *v.* TOWN OF AVON ET AL.

COURT OF COMMON PLEAS    HARTFORD COUNTY    FILE NO. 92616

Memorandum filed November 2, 1965

*Regnier, Moller & Taylor,* of Hartford, for the plaintiff.

*Robert C. Hunt, Jr.,* corporation counsel, and *Hoppin, Carey & Powell,* assistant corporation counsel, for defendants town of Avon et al.

MIGNONE, J. This was an appeal from a ruling of the board of tax review of the town of Avon, Connecticut. A prior appeal from the same ruling of

said board by the plaintiff had been nonsuited on February 23, 1965. The present action was made returnable to the first Tuesday of August 1965, which was August 3. The defendant town filed a plea in abatement, dated July 30, 1965, on August 2, 1965, in the clerk's office. It bears the notation in writing "Returned by court as not filed. 8-4-65" and states "Wrong case # no prayer for judgment."

The plaintiff, by its pleading dated August 4, 1965, and filed August 16, 1965, demurrer to plea in abatement, sets forth its grounds for demurrer to the plea in abatement of July 30, 1965, stating: "(1) The defendant has waived its right to plead in abatement by filing a general appearance. (2) The plea in abatement is fatally defective in form by reason of its omission of a prayer for judgment. (3) The plea in abatement is not the proper pleading to raise the objection alleged which is a matter in bar rather than abatement. (4) The plea in abatement is groundless as a matter of law as this is an action pursuant to Section 52-592 rather than Section 12-118."

Thereafter a revised plea in abatement dated August 5, 1965, containing the correct case number and a prayer for judgment, was filed on August 6, a copy having been mailed to opposing counsel on August 5. The plaintiff filed its demurrer to plea in abatement of August 5, 1965. It alleges that the plea in abatement of August 5, 1965, was invalid because it was not filed within twenty-four hours of the return day, and added the reasons set forth in its demurrer of August 4, 1965. The plaintiff also filed on August 26, 1965, its pleading entitled "Motion to Strike Plea in Abatement dated August 5, 1965," alleging as a reason that "no permission of court or of counsel has been obtained for such amendment." Thereafter, on September 16, 1965,

the defendant town filed a further pleading, dated September 15, 1965, entitled "Motion to Erase." This raised the same challenge to the jurisdiction of the court as set out in the plea in abatement—because of failure to appeal within the statutory period from the action of the board taken in February, 1964.

It is undisputable that the rules require that all "[p]leas in abatement must be filed on or before the opening of court on the day following the return day of the writ." Practice Book § 76. There is no question that the original plea in abatement was timely filed. Admittedly, it failed to contain a prayer for judgment, but it did set forth the basic claim of abatement that "the plaintiff's appeal was not taken within two months of the action of the Board of Tax Review of the Town of Avon as prescribed for such appeals by Section 12-118 of the Connecticut General Statutes." The plaintiff duly received a copy of this plea. Thereafter, on August 6, 1965, a corrected plea in abatement, setting forth the same defense but adding the prayer for judgment, was filed.

A plea in abatement was the proper pleading to plead to an appeal which has been improperly filed in this court. *Cramer* v. *Reeb,* 89 Conn. 667, 670; Stephenson, Conn. Civil Proc. § 78(e). The decisive question here is whether the defendant could properly file its corrected plea in abatement. The plaintiff was duly informed by the original plea in abatement filed, a copy of which it admittedly received, of the exact reasons for abatement claimed. The amendment filed relates back to the original plea and, if allowed to be filed, becomes effective as of the date of the original. See *State ex rel. Baskin* v. *Bartlett,* 132 Conn. 623, 625. The law of amendments applies to pleas in abatement. *Brockett* v.

*Fair Haven & W.R. Co.,* 73 Conn. 428, 431. The court, if it is of the opinion the interests of justice require, has an inherent discretion to allow the amendment. In this case, in view of the technical defect in the original plea in failing to contain a prayer for judgment, this court will allow the amendment to the plea in abatement to stand.

The fact that a general appearance was filed by the defendant would not appear to vitiate the defendant's right to challenge jurisdiction of the action by this court. Section 79 of Stephenson, Connecticut Civil Procedure, in its original context, seemed to suggest that a general appearance filed would be a waiver of jurisdictional defects. But in so stating it added the proviso "except such as go to the competency of the court to hear the action." The 1963 supplement to § 79 of this text does not make any statement to the effect that the filing of a general appearance waives the right to file a plea in abatement. Based on the situation as it exists in this case, the corrected plea in abatement filed August 6, 1965, raised the essential legal issue as to whether this case is properly before this court to confer jurisdiction upon it. The complaint filed alleges an appeal from the action of the board of tax review of the defendant town. It does not state the date such action was taken. The arguments on the short calendar hearing and the memoranda filed show that the action complained of was taken by said board in February, 1964. Sections 12-107c (d) and 12-118 of the General Statutes clearly require that an appeal such as the instant one must be taken within two months from the time of the action taken. The present appeal is dated June 23, 1965, clearly well beyond the two months' limitation valid here.

The claim of the plaintiff is that it is entitled to bring this action under the provisions of § 52-592

of the General Statutes, which allows the plaintiff, in cases of a nonsuit entered, to commence a new action for the same cause of action at any time within one year after determination of the original action. The court cannot sustain this contention for the reasons set out in *Carbone* v. *Zoning Board of Appeals,* 126 Conn. 602. This proceeding, involving an appeal under § 12-107c (d), cannot be held to be the type of "action" which comes within the saving protection of § 52-592. The reasons set out in the *Carbone* case, supra, 607, are of equal validity here. A speedy determination of the issues involved required the taking of a proper appeal within the two months' limitation period. The fact that the original appeal, in which a nonsuit was entered, was in fact taken within the required two months' period is of no avail here.

Parenthetically, it may be stated that if the defect, namely, the failure of the present appeal to be filed within the required two months' appeal period, had appeared clearly on the record, the motion to erase would have been the preferred, if not the required, motion. See Stephenson, op. cit. § 77(b) (Sup. 1963).

The plaintiff's demurrer to the defendant's plea in abatement is overruled, and the defendant's plea in abatement is sustained.