RSC INDUSTRIES, INC. *v.* CITY OF NEW HAVEN

COURT OF COMMON PLEAS     NEW HAVEN COUNTY     FILE NO. 89760

Memorandum filed November 2, 1972

*Tyler, Cooper, Grant, Bowerman & Keefe,* of New Haven, for the plaintiff.

*Horace F. Trotta,* special assistant corporation counsel, for the defendant.

SPONZO, J. In this case the plaintiff has moved for a summary judgment in connection with its application for relief against a wrongful assessment of its property.

The plaintiff, a foreign corporation, alleges that, although on October 1, 1970, it was doing business in New Haven, it ceased doing business on or about January 28, 1971. In its affidavit in support of its motion, the plaintiff states that between February

1, 1971, and March 29, 1971, it moved "substantially" all of its office equipment, machinery and inventory to a different state. Certain items, including equipment, machinery and office furniture, remained in New Haven as of October 1, 1971.

A party who moves for a summary judgment in effect states that no genuine issue of fact exists. In this statutory action, the plaintiff seeks relief on the ground that the assessment concerned personal property which was not permanently located in this state for a period of any seven of the twelve months preceding the assessment date of October 1, 1971, as provided for by § 12-59 of the General Statutes. The period of time, the specific personal property located in New Haven, etc., are all issues of fact to be decided. The affidavit filed by the plaintiff states "substantially" all personal property had been removed from New Haven to a foreign state.

Furthermore, the court has serious doubts whether a summary judgment is proper in a case such as this. The rules pertaining to summary judgments are applicable to civil actions. Practice Book § 297. The present action is not such a civil action. In *Bank Building & Equipment Corporation* v. *Architectural Examining Board,* 153 Conn. 121, 124, this issue of the meaning of "civil action" arose as the result of an appeal taken from the action of an administrative agency of the state. The case held that such an appeal was not a civil action, and thus upheld the decision in the case of *Carbone* v. *Zoning Board of Appeals,* 126 Conn. 602.

Accordingly, the motion for summary judgment is denied.