ELLEN P. MARIO ET AL. *v.* THE CONSERVATION
COMMISSION OF THE TOWN OF FAIRFIELD ET AL.

COURT OF COMMON PLEAS   FAIRFIELD COUNTY   FILE NO. 111481
AT BRIDGEPORT

Memorandum filed August 19, 1976

*Pullman, Comley, Bradley & Reeves,* for the
plaintiffs.

*Noel R. Newman,* for the named defendant.

*Zeldes, Needle & Cooper,* for the defendant Fair-
field Shopping Center, Inc.

BERNSTEIN, J.  Among the least attractive mech-
anisms in the law are the legal fictions that tend
to restrict the right of the public to have access to
the courts.  Such a fiction is the established rule
that a person aggrieved by the action of an admin-
istrative body may appeal to this court, but that
he does not have a cause or right of action. *Carbone*
v. *Zoning Board of Appeals,* 126 Conn. 602.  The
facts in the motion to erase under consideration in
this decision point out the crucial difference that
results from the application of a distinction between
an "appeal" and a "cause of action."

Under the Inland Wetlands and Water Courses
Act, General Statutes §§ 22a-36 to 22a-45, any

person aggrieved by the action of an agency may appeal within fifteen days after the publication of that action. General Statutes § 22a-43. In this case, the attorneys for the plaintiffs gave the appeal papers to the sheriff on the thirteenth day, but he neglected or failed to serve the papers until the nineteenth and twentieth days—four and five days beyond the statutory period.

In 1967, the legislature recognized the injustice that might result if a sheriff, through inattention, oversight or lack of time, failed to serve papers in time. It gave the sheriff a grace period of fifteen additional days. The law, now § 52-593a of the General Statutes, states, in relevant part, that "[n]o *cause or right of action* shall be lost because of the passage of the time limited by law within which such action may be brought, if the process to be served is personally delivered to an officer authorized to serve such process . . . within the time limited by law, and such process is served . . . within fifteen days of such delivery." (Emphasis added.)[1] If that statute applies to this appeal, then service was made in time.

It is the position of the defendants that since an administrative appeal is not a cause or right of action § 52-593a does not apply. They contend, therefore, that since service of the appeal papers must be made within fifteen days of publication, § 22a-43, of the action and since the time for appeal fixed in the Inland Wetlands and Water Courses Act is mandatory, the appeal is subject to a motion to erase for lack of jurisdiction if that time requirement is not met.

Apparently, all of the reported cases following *Carbone* v. *Zoning Board of Appeals*, 126 Conn. 602,

---

[1] For definitions of "right of action" and "cause of action," see *Senior* v. *Hope*, 156 Conn. 92, 96, quoting from *Pavelka* v. *St. Albert Society*, 82 Conn. 146, 147.

hew to the line that administrative appeals are not causes of action; that appeals to courts from administrative agencies exist only under statutory authority; that there must be strict compliance with the statutory appeal provision; that the time for appeal fixed therein is mandatory; that it is in the public interest to secure a speedy determination; and, therefore, that there can be no enlargement of the appeal period unless clearly set out by legislative enactment.

An examination of the oft-quoted paragraph in *Carbone* v. *Zoning Board of Appeals,* supra, 607–608, in the light of the facts in the present case reveals some fairly sharp distinctions between the two cases. In the *Carbone* case, the appellants were claiming the right to appeal within one year under § 6024 of the 1930 Revision, the predecessor to General Statutes § 52-592. At that time, that was the standard statute of limitations for negligence and for other causes of action. The court properly held that the legislature did not intend to delay the determination of administrative appeals for a length of time far in excess of the fifteen-day appeal period.[2]

Since 1940, the date of *Carbone* v. *Zoning Board of Appeals,* supra, there has been a proliferation of the number and types of administrative appeals. This is attributable, in part, to the expanded concepts of open government and due process. As a consequence, the legislature, in 1971, passed what is known as the Uniform Administrative Procedure Act. General Statutes §§ 4-166 through 4-189.[3] Under that act all administrative

---

[2] Two of the justices concurred in the result but not necessarily in the reasoning.

[3] "Uniformity," as it applies to appeals, is honored more in the breach than in conformity, in spite of § 4-189, which states that "Any provisions in the general statutes which are inconsistent with the provisions of this chapter are repealed . . . ."

appeals must be taken within thirty days after the mailing of the notice of the decision. General Statutes § 4-183 (b).[4]

Many state and local agencies, however, maintain their own appeal periods making appeals hazardous for the unwary. A few examples which come to mind are: the public utilities control authority, from which appeals may be taken within thirty days after the filing of the order, General Statutes § 16-35; the state board of education, from which appeals may be taken within thirty days of receipt of the decision, General Statutes § 10-76h (e); the board of tax review, from which appeals may be taken within two months, General Statutes §§ 12-117 and 12-118; and zoning officials, from whom appeals may be taken within fifteen days from date of publication, General Statutes § 8-8. Thus the chance of error through confusion or honest mistake is real. To hold that the corrective legislation never applies to appeals because of the legal fiction that an appeal is not a right of action is to say that an appellant is under greater peril than a plaintiff— regardless of the nature of the suit.

In *Carbone* v. *Zoning Board of Appeals,* supra, the source of the rule, the court did not take as rigid and unyielding a position as subsequent cases seem to indicate. In the very last sentence in the body of the decision (p. 608) the court stated: "It may be that there are cases where upon the failure of an appeal taken within the time allowed, an appellant should be given the opportunity to bring another appeal after that time, but whether that should be allowed and under what restrictions are matters for the consideration of the Legislature."

---

[4] Service in the present case was made within the thirty-day appeal period contemplated by the authors of the Uniform Administrative Procedure Act.

In 1967 the legislature passed § 52-593a which gives the sheriff a maximum fifteen-day grace period if he has received the writ within the original limitations period. This is in sharp contrast to the earlier provisions, §§ 52-592 and 52-593 of the General Statutes, which dealt with accidental failure of suit or suit against the wrong defendant, and which allowed the party an additional year from the determination of the original action.

The brief grace period of fifteen days that § 52-593a allows overcomes the earlier objection to §§ 52-592 and 52-593 that it is in the public interest to secure a speedy determination of administrative appeals. A maximum delay of fifteen days will rarely create a public or private hardship. And it is consistent with the time period set out in the Uniform Administrative Procedure Act, i.e., a maximum of thirty days.

Finally, there are three additional arguments against the claim that § 52-593a is limited to a cause or right of action as defined by the courts. The legislators, in discussing the enactment of § 52-593a, made no distinction between the types of processes to be affected by it. Section 52-593a refers to the process to be served three times. The word "process" is very broad and is intended to be all inclusive. See *United Aircraft Corporation* v. *Connelly,* 145 Conn. 176, referring to taxation of all parts of the manufacturing process; and see also Ballentine's Law Dictionary defining "process" as "[a] writ, warrant of arrest, or other means of subjecting person or property to the jurisdiction of the court." That definition is broad enough to include administrative appeals. Counsel have indicated that they could not find any reported cases interpreting § 52-593a. It is always comforting to those who labor in the legal field to find a precedent. The court has located one, an obiter dictum, directly on

point. In the recent case of *Norwich Land Co.* v. *Public Utilities Commission,* 170 Conn. 1, involving an appeal from a decision of the public utilities commission, the court (p. 5) states: "Furthermore, the plaintiff had the option of delivering the process within the time limited to an officer authorized to serve it, as provided in § 52-593a of the General Statutes." Accordingly, the motion to erase is denied.