[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THE DEFENDANTS' MOTION TO STRIKE (NO. 112)
The defendants, through their motion to strike, raise the issues of whether this action seeking damages for vexatious litigation and interference with a business expectancy are legally sufficient. The causes of action are predicated on an administrative appeal taken by the defendants from a decision of the North Haven Inland/Wetlands Commission which was dismissed as to some of the defendants because they lacked standing and sustained in favor of the plaintiff against the remaining CT Page 7244 defendants on the merits.
Vexatious Suit — Common Law
The defendants' motion to strike the common law causes of action for the vexatious litigation counts (third, and seventh) is grounded on the claim that the tort can only be based upon c "civil action" and an appeal from a decision of an administrative agency is not such a civil action. The defendants cut too narrow a path for this common law tort.
To establish a cause of action for vexatious suit, it is necessary to prove want of probable cause, malice and termination of suit in the plaintiff's favor. Vandersluis v Weil, 176 Conn. 353, 356 (1978). The malice required is more appropriately defined as the initiation or continuation of the proceedings "for a purpose other than that of securing the proper adjudication of the claim." Restatement (Second) Torts, 674, comment g.
It is clear that the tort of vexatious suit under the common law is applicable to administrative proceedings. Restatement (Second) Torts, 680. Although the administrative proceedings were not initiated by the defendants in this case, its continuation by their taking the appeal is sufficient to support this action. "[O]ne who continues a civil proceeding that have properly been begun or who takes an active part in its for an improper purpose after he has learned than there is no probable cause for the proceeding becomes liable as if he had then initiated the proceeding." Restatement (Second) 674, comment c.
The court is fully aware that "honest litigants are to be encouraged to seek justice and not to be deterred by fear of an action in return and, . . . that litigation must end somewhere, and that if one counter-action may be brought, so may another and another." Prosser Keeton on Torts 120 (5th ed.). However, when a party pursues a legal proceeding, without probable cause and for a purpose other than that of securing the proper adjudication of a claim, that person is not an honest litigant seeking justice and should respond to damages for the harm caused by such reckless and costly conduct.
 II
Vexatious Litigation — Statutory
The defendants' motion to strike the statutory causes of action (first, second, fifth and sixth) for vexatious litigation is also based upon the argument that it applies only to "civil CT Page 7245 actions," the meaning of which does not encompass are administrative appeal. Connecticut has a statutory cause of action (now known as 52-568) to redress vexatious litigation in addition to the common law action.
The statute was amended in 1986 as part of Tort Reform (1986 P.A. 86-338, 9) to provide that (1) the defendant is liable for double damages upon proof of the prosecution of any "civil action" or complaint against another or the assertion of a defense "without probable cause," and (2) treble damages if he or she prosecutes it when there is no "probable cause, and with a malicious intent unjustly to vex and trouble the other person." General Statutes, 52-568.[1]
In making this determination of whether an administrative appeal is within the purview of 52-568, the court must ascertain the intent of the legislature when it limited 52-568 to "civil actions." In doing this, statutes, such as 52-568, which are in derogation of, this state's common law must be strictly construed. Yale University School of Medicine v. Collier, 206 Conn. 31, 36-37
(1988). Such a statute must be "limited to matters clearly brought within its scope." Willoughby v. New Haven, 123 Conn. 446,454 (1937).
Our supreme court has consistently held that administrative appeals are not "civil actions." E.g., Sheehan v. Zoning Commission, 173 Conn. 408, 411 (1977); Bank Building Equipment Corp. v. Architectural Examining Board, 153 Conn. 121, 124-25
(1963). Accordingly, the court concludes that the legislature did. not intend that 52-568 have application to administrative appeals.
This conclusion is further reinforced as a result of the legislature amending 52-568 in 1982 when it substituted "civil action" for "suit." 1982 P.A. 82-160, 234. "When changes have been introduced by amendment it is not to be assumed that they are without design." King v. Board of Education, 203 Conn. 324, 335
(1987) quoting City of Stamford v. Town of Stamford, 107 Conn. 596,606 (1928). "Suit" as used in the statute prior to amendment is broadly defined. It means "[a]ny proceeding in a court of justice by which a person pursues therein the remedy which the law affords him. A term broader than `action' since it is inclusive of all judicial proceedings whether actions or not." Ballentine's Law Dictionary, 3rd ed. Furthermore, when the legislature adopted this amendment it is presumed to be familiar with the interpretation that courts have placed on "civil action." C White Son, Inc. v. Rocky Hill, 181 Conn. 114, 123 (1980) Accordingly, the legislature intended to narrow the statute" orbit to exclude that which is commonly not within the classification of a "civil action" including an administrative CT Page 7246 appeal.
It is clear that there is no cause of action under 52-to for damages arising out of the prosecution of an administrative appeal as alleged in the first, second, fifth and sixth counts an they cannot stand.
 III
Tortious Interference with Business Expectancy
The defendants also challenge the legal sufficiency of the counts (fourth and eighth) which seek damages as a result of interference with a business expectancy. "In order to succeed on a claim of tortious interference with business expectancies, however, the plaintiff must do more than show that the defendant's actions proximately caused a loss to the plaintiff's business. A cause of action for tortious interference with a business expectancy requires proof that the defendant was guilty of fraud misrepresentation, intimidation or molestation or that the defendant acted maliciously [citations omitted]." Sportsmen's Boating Corp. v. Hensley, 192 Conn. 747, 754 (1984) quoting, Jones v. O'Connell, 189 Conn. 648, 660 (1983).
Surely, the fact that the defendants' appeal was dismissed or overruled on its merits is not sufficient to satisfy this requirement. Nor does a mere naked misrepresentation satisfy the requirements of the tort, when it is not alleged that plaintiff suffered an actual loss from the misrepresentation. Baker v United Illuminating Co., 156 Conn. 456, 461 (1968). Here, the plaintiffs merely allege that the defendants made misrepresentations before the Commission. The Commission, however ruled in favor of the plaintiffs. Accordingly, these allegation', are legally insufficient to support the cause of action.
In sum, the motion to strike counts which allege causes of action for vexatious litigation under the common law (third and seventh) is denied; the motion to strike counts which allege causes of action for vexatious litigation under 52-468 (first second, fifth and sixth) is granted; and the motion to strike counts which allege causes of action for tortious interference with a business expectancy (fourth and eighth) is granted.
Robert I. Berdon, Judge