[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION ON MOTION TO DISMISS]
The defendant has moved to dismiss this condemnation appeal on the grounds, among others, that it was not timely filed and, therefore, the court lacks subject matter jurisdiction. The plaintiffs contend that the action was timely filed pursuant to Connecticut General Statutes § 52-592, the accidental failure of suit statute, and, therefore, is not subject to dismissal.
On October 31, 1991 the Commissioner of Transportation pursuant to his powers under Connecticut General Statutes § 13-73(b), acquired the plaintiffs' land by eminent domain. The Commissioner deposited the sum of $187,000.00 with the Clerk of the Superior Court for the Judicial District of Hartford/New Britain at Hartford on that date for the benefit of all claiming rights to the right of action. Rather, it is a condition precedent to the court's power to entertain the cause of action. [Id.] Like the jurisdictional limitation of aggrievement, the limitations period set forth in a statutory cause of action cannot be waived by the parties. [Id.] CT Page 5022
Administrative appeals, such as condemnation appeals, are creatures of statute. Strict compliance with the procedures set forth within the body of the governing statute by the aggrieved plaintiff, including the limitations of actions provisions, is essential to the subject matter jurisdiction of the court. [Chestnut Realty, Inc. v. CHRO,] 201 Conn. 350, 356,514 A.2d 749 (1986), [Koepke v. Zoning Board of Appeals,]30 Conn. App. 395, 399, ___ A.2d ___ (1993).
The Connecticut Supreme Court has determined that the accidental failure of suit statute does not apply to administrative appeals. [Carbone v. Zoning Board of Appeals of Hartford,]126 Conn. 602, 13 A.2d 462 (1940). The Court found that that statute was, by its own terms, limited in its application to "causes of action." Administrative appeals, the Court reasoned, are statutory creatures designed to afford a remedy where none existed at common law or in equity. These statutory creatures carry with them a condition precedent. The condition is an extraordinarily brief limitation of action provision which, if not satisfied, will bar the Court's subject matter jurisdiction over the statutory appeal. [Id.,] 607. The short limitation of action provision of the statute is designed to assure the expeditious determination of the administrative appeal. Such speed is essential to the efficient administration of government. It assures the public of timely notice of the state of the administrative dispositions delegated to the Executive Department and the ability to gauge their conduct accordingly. [Id.,] 607. The Supreme Court in [Carbone] stated that any interpretation of the "cause of action" provision of the accidental failure of suit statute to include zoning appeals would amount to a judicial rewriting of the accidental failure of suit statute and the frustration of the underlying purposes of the administrative appeals statute.
In [Holloway Brothers, Inc. v. Avon,] 26 Conn. Sup. 164,214 A.2d 701 (Ct. Comm. Pl. 1965) (Mignone, J.) the court applied the reasoning of [Carbone] to a municipal real property tax appeal. The Connecticut Supreme Court held that an appeal from the Architectural Examining Board was not a "cause of action" within the meaning of the accidental failure of suit statute in [BankBuilding Equipment Corp. v. Architectural Examining Board,]153 Conn. 121, 124-125, 214 A.2d 377 (1965). In [Chieppo v. Robert E.McMichael, Inc.,] 169 Conn. 646, 654, 363 A.2d 1085 (1975), the Court held that an appeal from the decision of the worker's compensation commissioner was not a "civil action" within the CT Page 5023 meaning of Connecticut General Statutes § 52-32, which provided that a "civil action" brought to the wrong court could be transferred to a court having jurisdiction.
Connecticut General Statutes § 13a-76 provides in part:
 Any person claiming to be aggrieved by the assessment of such special damages or special benefits by the commissioner may, at any time within six months after the same has been so filed, apply to the superior court for the judicial district within which such land is situated or, if said court is not in session, to any judge thereof for a reassessment of such damages or such benefits so far as the same affect such applicant.
The statute provides for the expeditious appeal from an administrative decision, and is, therefore, an administrative appeal and not a "cause of action" within the meaning of § 52-592.
Even if this action was a "cause of action" within the meaning of the accidental failure of suit statute, that statute would still not save the action from dismissal because the original action was not timely filed. Connecticut General Statutes § 52-592
applies only:
 (a) If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits . . .
Under the accidental failure of suit statute, an action is deemed to have been commenced once it has been served on the defendant. [Broderick v. Jackman,] 167 Conn. 96, 99,355 A.2d 234 (1974). Here the original Appeal was never served on the Commissioner or of Transportation. Therefore, it was not "commenced within the time limited by law" within the meaning of § 52-592.
For the foregoing reasons, the Motion to Dismiss is granted.
By the Court,
Aurigemma, J. CT Page 5024