FRANCES B. TAYLOR, EXECUTRIX OF ESTATE OF HENRY
B. TAYLOR, *vs.* ST. PAUL'S UNIVERSALIST
CHURCH ET AL.

Third Judicial District, New Haven, June Term, 1929.
WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, JS.

APPEAL FROM THE TAXATION OF COSTS.

The clerk taxed against the plaintiff-claimant the
expense of printing the testimony amounting to
$128.40 and from the taxation of this item the plaintiff-
claimant appealed to this court.

Section 5366 of the General Statutes provides: "No
costs shall be taxed in favor of either party on any
such appeal either in the Superior Court or in the
Supreme Court of Errors, nor shall either party be
liable to pay any fees or costs of any kind whatso-
ever. . . ."

No contract to pay this bill having been made by
the plaintiff-claimant, the liability of his estate to pay
it must arise, if at all, out of the obligation imposed
by this statute, since there is no other applicable
statute. The language of the statute is clear and broad.
It prohibits the taxation of any costs in this court or
the Superior Court in favor of either party on an ap-
peal in a compensation case. To make its meaning
doubly plain, the statute reiterates its earlier prohibi-
tion by providing that neither party shall be liable to
pay any fees or costs of any kind whatsoever, except
the record fee in this court.

The intention of the framers of the Compensation
Act was to establish a speedy, effective and inexpensive
method for determining claims for compensation. The
legislative purpose, not infrequently, would be negated

if employees were required to pay for the printing of the evidence, for this might impose so heavy an expense upon the claimant as to deprive him of his right of appeal.

The expense for printing the evidence would be a legitimate item in the taxation of costs if costs were taxable in this class of cases. There is no system of costs in proceedings in the commissioner's office. As a general rule, the expense of printing the evidence in this class of cases has not been taxed by the clerks. In this instance the clerk followed the informal suggestion of this court and made some years ago; a practice which upon consideration of this appeal we are unwilling to sanction.

The appeal from the taxation of costs is sustained.