[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT NAVISTAR INTERNATIONAL'S OBJECTION TO CONNECTICUT DISTRIBUTORS' MOTION TO INTERVENE AS CO-PLAINTIFF
Pursuant to Section 31-293 of the General Statutes, CT Page 2611 Connecticut Distributors, Inc., moves to Intervene in this products liability action brought originally by its employee, Daniel Bishop against Navistar International, Inc. to recover worker's compensation paid to Bishop.[1] That statutory section permits employers who have paid or become obligated to pay Workers' Compensation benefits to join an action against a third party to recover any benefits paid, in cases where the employee sues a third party who caused the employees injury. The motion raises the issue whether Gen. Stat. 52-572r(c), the Connecticut Products Liability Act, prevents such an employer from filing an intervening complaint in a products liability action brought by an employee against third parties, where the employee's date of original employment predates the effective date of 52-572r(c) of the Connecticut Products Liability Act. The defendant, Navistar, has objected to the Motion. Because the court holds that the rights and obligations of both the employer and employee, including the employer's statutory right to intervene, are fixed and determined by statutory provisions in force at the time the employee received his injury, not by some different law in effect when the employee was first hired, the court denies the motion to intervene under the provisions of52-572r(c), which was in effect at the time the employee, Bishop, was injured. Section 572r(c) states: "Neither an employer nor. . .the insurer of such an employer, shall have any lien upon any judgment received in any product liability claim, or any right of subrogation if the claim against the third party is a product liability claim." See: Rodia v. Tesco Corporation,11 Conn. App. 391.
In Chieppo v. Robert E. Michael, Inc., 169 Conn. 646, 648
(1975), the Connecticut Supreme Court stated:
 The contract of employment incorporates the Workmen's Compensation Act, hereinafter referred to as the act, and provides the basis for an employee's recovery for an injury suffered in the course of employment. Vegliante v. New Haven Clock Co., 143 Conn. 571, 580, 124 A.2d 526; Stulginski v. Cizauskas, 125 Conn. 293, 299, 5 A.2d 10; Powers v. Hotel Bond Co., 89 Conn. 143, 145-46, 93 A. 245. The rights and obligations of both parties to the contract are fixed and determined by the contractual and statutory provisions in force at the time the employee is injured. Rossi v. Thomas F. Jackson Co., 120 Conn. 456, 460, 181 A. 539; Walsh v. A. Waldron Sons, 112 Conn. 579, CT Page 2612 582, 153 A. 298.
Navistar maintains that, that provisions of 52-572r(c), in effect when Bishop was injured, prevents Connecticut Distributors, the employer, from intervening.
The employer who seeks to intervene concedes that the action in which it seeks to intervene is a products liability action and further agrees that the rights and obligation of an employer vis-a-vis an employee are established at the time of the injury. However, the intervening employer maintains that whatever the law was in effect at the time Bishop went to work for it should govern the right to intervene. It posits that since at the time plaintiff Bishop went to work for it, the law permitted an employer to intervene in a product liability suit and to recover amounts it had advanced under the Worker's Compensation Act, that statutory right became vested in it as a part of the employment contract and remained with it pursuant to provisions of 31-293 of the statutes for the entire period of that employee's contract of employment despite the passage of the later statute which barred such interventions at the time the employee Bishop was injured.
It is possible that given some literal reading of an isolated phrase in a line of cases of which Vegliante v. New Haven Clock Company is a part, that one could make such an assumption by a virtue of language in Vegliante, 143 Conn. 543-580, to the effect that "the provisions of the compensation act, by the presumed acceptance thereof, becomes part of the contract." The facts and entire holding militate against such a theory, however. The Vegliante court determined that the worker's failure to give the employer written notice, when the statute then required such notice within one year of injury, was not cured by the employer providing medical care to the worker ten years after the injury, when a modification of the statute had subsequently been adopted excusing written notice if the employer had furnished medical care within one year of the date of the injury. The holding then was that the law in effect at the time of Mrs. Vegliante's injury governed and since she did not comply with the written notice requirement in effect under that law at the time the injury was sustained, there could be no compensation claim.
One must be an employee or employer under at least an at-will contract to be covered by the Worker's Compensation Law, and the contractually agreed weekly pay scale affects the amount of weekly Workers' Compensation, but it is the provisions of the General Statutes in effect on the date of injury, not that of the employment contract, which govern the rights and obligations of the parties to the employment contract for injuries arising CT Page 2613 in the course of employment, including the right to subrogate.
Despite the contentions of the intervening employer, Preveslin v. Derby Ansonia Developing Co., 112 Conn. 129, 143
(1930), is not authority for the proposition that an employer obtains a contractually vested right to intervene and subrogate for compensation benefits it paid. Although Preveslin states the proposition that, "The Compensation Act of the State is contractual," and begins with the employment by the employer of the employee, it then defines the nature of that contract "to pay and accept such compensation as is prescribed by statute in effect at the date of the injury." Preveslin, 142, 143. It is only "[u]pon the happening of an industrial accident the right to receive compensation becomes vested, and the obligation to pay it fixed." Id. at 143. If the right to receive compensation does not vest until the date of injury, then the employer's derivative right to subrogate for the amounts it paid in satisfaction of that employee's right cannot arise or vest in the employer until then either.
This court, based on the clear language of Preveslin, rejects the reasoning of District Court decisions in Pigott v. Johns-Manville Corp., 10 C.L.T. #26 (D.C. Conn. October 29, 1984); Tyrell v. Johns-Manville, 10 C.L.T. #26 (D.C. Conn. February 21, 1984); Paul v. Owens-Corning Fiberglass Co., No H-84-704 (MJB) (D. Conn., January 6, 1986) as applied to this situation. The intervening employer has cited these District Court (Conn.) cases as the basis for its right to intervene.
In Pigott v. Johns-Manville Corp., the federal court held that Conn. Gen. Stats. 52-572r (products liability statute) does not apply retroactively to preclude intervention when the injured employee was hired before the product statute's enactment. In ruling on the motion to intervene in Pigott, the court held that the right to intervene arises when the employer and employee enter the employment contract. The court stated:
 ". . . Connecticut law is clear on the point that the Product Liability Act should not apply retroactively to affect the substantive rights of litigants. The employer's right to intervene is a substantive right associated with its right of subrogation under the Workers' Compensation Act. Thus the employer's right to intervene arose at the time it entered into its contract of employment and cannot be retroactively barred by subsequent legislation. (Emphasis Supplied.) CT Page 2614
 The success of plaintiff's objections to [the employer's] motion to intervene, therefore, rests on a showing that the plaintiffs entered into their contracts of employment with [the employer] subsequent to October 1, 1979, the effective date of the Products Liability Act."[2]
There is no quarrel that the products liability statute would not apply retroactively to eliminate substantive rights. However, the employer's right to intervene does not, and cannot, precede the employee's cause of action. Although it may be true that the employment contract incorporates the Workers' Compensation Act, the rights and obligations of the parties are determined by whatever the statute allows at the time of injury, See Chieppo v. Robert E. Michael, Inc., 169 Conn. 646, 648
(1975).
An employer's right to intervene is merely derivative and not independent of the employee's right to sue a nonemployer defendant, Mickel v. New England Coal Coke Co., 132 Conn. 671,678 (1946). "The law to be applied is that in effect when the plaintiff's right to compensation arose, that is, when a compensable incapacity occurred."; Preveslin v. Derby Ansonia Developing Co., 112 Conn. 129, 142 (1930).
It is important to note that in this case the plaintiff claims injury by virtue of a defective step on a truck from which he fell. With such an injury, because of its traumatic nature and the immediacy of the injury which follows to a visible part of the body from the job-related accident, it is a simple matter to determine the date when the accident happened and on which the injury occurred and therefore what law was in effect on the date of the injury and what insuror covered the risk. Although Pigott and the federal decisions which follow it are silent on the extent to which the nature of the claim influenced their decision, they all concerned occupational disease rather than traumatic injury. The disease was asbestosis, which can manifest years after exposure to inhalation of asbestos fibers which are its cause. Such long latency cases can raise special concerns precisely because of the gap which exists between first exposure and compensable incapacity, which can arise years later. See American Law of Products Liability 3d 58:34, pages 32, 33-34, 37-38; 58:35 pages 35, 39. Resolution of some of these problems dealing with Workers' Compensation and third party product liability, hinges on when the job-related occupational disease occurred in order CT Page 2615 to determine what provisions of law were then in effect to govern the rights and obligations of the employer and employee. Whatever unspoken effect the nature of the occupational disease claims in Pigott and its progeny had on those decisions, this court will not follows them for two reasons: First, this is not an occupational disease case, however, but one involving traumatic injury, and there is therefore no practical reason to adopt the rationale of those cases. Secondly, Pigott's reasoning does not square with our case law. Application of General Statutes 52-572r(c) as a bar to intervention and subrogation where employment began prior to adoption of that statute is not a retroactive application, as Pigott and the intervening employer contend, but a prospective application of the statute. The employee's right to Workers' Compensation does not vest until the date of the injury. Preveslin, supra at 143. The employer's right to subrogate and intervene is derivative and not independent of the employee's right to sue a nonemployer defendant responsible for the injuries. Mickel, supra at 678. It arises out of statute, not contract, as the plaintiff contends. Stavola v. Palmer, 136 Conn. 670. The employee's right to sue a third party cannot arise before the injury occurs and therefore the employer's statutory right to intervene, which our Supreme Court has said is derivative and dependent on that right, cannot arise before occurrence of the injury it is dependent upon either, and even then it can only be exercised after it has paid or become obligated to pay the employee compensation. Therefore, a statute like 52-572r(c) as applied to an employee's cause of action and an employer's derivative and dependent claim arising after its effective date, is prospective not retroactive in its effect, and the will of the legislature in adopting it should be enforced by courts of law.
Furthermore, since the obligation to pay compensation prescribed by statute on the date of the injury to the plaintiff Bishop became fixed only on that date of the injury, Preveslin, supra 142, 143, there is no impairment of any contractual right of the employer by operation of the statutory bar and those provisions of our General Statutes in effect at the time of the injury govern the rights of both employee and the employer who seeks to intervene. Section 52-572r(c) in effect at the time of Bishop's injury on September 11, 1987 bars the employer's intervention in this employee's product liability suit. The Motion to Intervene is denied.
FLYNN, JUDGE