[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION OF STRATFORD PIPING COMPANY TO INTERVENE AS PLAINTIFF
The plaintiff, Michael Kovac, filed a two count complaint against the defendants, Cummings Insulation (hereinafter "Cummings") and the Claremont Company CT Page 1491 (hereinafter "Claremont") for personal injuries allegedly sustained by exposure to asbestos products manufactured and distributed by Cummings and Claremont. Kovac alleges that he was exposed to asbestos manufactured and distributed by the defendants in the course of his employment at various companies over the last 25 years. One of Kovac's employers was the Stratford Piping Company (hereinafter "Stratford") for whom Kovac worked during the period 1971-1972. Stratford moved to intervene in the action pursuant to General Statutes31-293 to claim reimbursement of workers' compensation payments made to Kovac. The defendants filed an objection to the motion to intervene on the ground that the intervention of an employer for workers' compensation reimbursement is barred by General Statutes 52-572r(c) of the Product Liability Act. Stratford filed a memorandum in response to the defendants' objection. Stratford argues that the Product Liability Act, adopted in October of 1979, does not apply retroactively to bar its substantive right to intervene which accrued in 1971 or, no later than 1972.
General Statutes 52-572r(c) bars the intervention of an employer for purposes of making a claim on or subrogating itself to any judgment awarded to an employee in a product liability action. This section was adopted in October 1, 1979. Substantive rights of parties are fixed on the date upon which the cause of action accrues. Champagne v. Raybestos-Manhattan, Inc., 215 Conn. 509, 521 (1989). "The only exception to this rule is when the legislature enacts substantive legislation and unequivocally declares the new legislation to be given retroactive effect." Id. 522. "[T]here is no indication that the legislature intended the [Product Liability Act] to apply to actions that accrued before its effective date." Id. It is evident then that Product Liability Act's bar of employer intervention would not apply to the action in the instant case if the action accrued before October 1, 1979.
There is a split of authority in the Superior Court as to when a cause of action for intervention for workers' compensation reimbursement accrues. Some courts hold that the cause accrues at the date of the employment contract. See, e.g. Christie v. Victor Automotive Products, Inc.,2 CSCR 807 (June 30, 1987, McDonald, J.). Other courts hold that the cause accrues on the date of the injury. See, e.g. Bishop v. Navistar International, Inc., 6 CSCR 440 (March 1, CT Page 1492 1991, Flynn, J.) This court concludes that resolution of this issue is not necessary for the disposition of the motion to intervene because both the date of the employment contract (1971) and the date of the employee's injury (1971-1972) which arose out of the exposure to asbestos, an occupational disease, rather than from immediate trauma, both occurred before the date the Product Liability Act became effective (1979). Therefore, as the Product Liability Act does not apply retroactively to bar Stratford's claim, the court grants the motion to intervene.
Teller, J.