[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO INTERVENE
The plaintiff, Gary Way, filed a complaint sounding in product liability against the defendant Sears, Roebuck Co. On CT Page 8717 August 4, 1993, TJS Associates, the plaintiff's employer, filed a notice of intervention and intervening complaint. The defendant filed an objection to the TJS Associates' motion to intervene on August 20, 1993, in which the defendant asserts that General Statutes 52-572r(c) bars the plaintiff's employer from intervening in a product liability suit.
General Statute 52-572r(c) bars an employer from intervening in a product liability action. Rodia v. Tesco Corp.,11 Conn. App. 391, 523 A.2d 914 (1987). However, effective July 1, 1993, this provision has been repealed by the legislature. Public Act No. 93-228 34 and 35.
The repeal of General Statutes 52-572r(c) affects the substantive rights of litigants. See Bishop v. Navistar International Incorporated, 6 CSCR 440 (March 1, 1991, Flynn, J.) (where the court held that an employer's right to intervene is substantive). New legislation which affects the substantive rights of parties is applied retroactively only when the legislature "unequivocally declares the new legislation is to be given retroactive effect." Champagne v. Raybestos-Manhattan, Inc., 212 Conn. 509, 522, 562 A.2d 1100 (1989). There is no language in Public Act No. 93-228 to indicate that the legislature intended this Act to have retroactive effect, therefore it is not controlling. Schaghticoke Indians of Kent, Connecticut v. Potter, 217 Conn. 612, 616, 587 A.2d 139 (1991).
In addition, the third party plaintiff, TJS Associates, Inc., is seeking intervention in this action pursuant to Connecticut General Statutes 31-293. It is important to point out, however, that TJS Associates, Inc. is a New York corporation. Further, the Workers Compensation benefits that were paid to the plaintiff, Gary Way, were paid by this New York corporation pursuant to New York state workers compensation law as the injury took place on Fisher's Island in New York.
Connecticut General Statutes 31-293 states in pertinent part:
 When an injury for which compensation is payable under the provisions of this chapter has been sustained under the circumstances creating in a third party other than the employer a legal liability to pay damages for the injury, the injured employee may claim CT Page 8718 compensation under the provisions of this chapter, but the payment or award of compensation shall not affect the claim or right of action of the injured employee against the third person, but the injured employee may proceed at law against the third person recover damages for the injury; and any employer having paid, or having become and obligated to pay compensation under the provisions of this chapter may bring an action against the third person to recover any amount that he has paid or has become obligated to pay as compensation to the injured employee. (Emphasis added.)
The language of this section is clear. When an employer has paid Workers Compensation pursuant to the provisions of Chapter 568 (Workers Compensation Act) of the Connecticut General Statutes, they then have a right to intervene in certain third party actions brought by the injured employee. However, the statute specifically states that the benefits must be paid pursuant to "this chapter". Id.
Clearly, that is not the case in the instant proceeding. Any Workers Compensation benefits that were paid to the plaintiff were paid pursuant to New York State Workers Compensation Law and thus Connecticut General Statutes 31-293
creates no right to intervene on behalf of the third party plaintiff, TJS Associates, Inc., given that they are a New York state employer having paid workers compensation benefits pursuant to New York State Workers Compensation Law.
Accordingly, because General Statutes 52-572r(c) bars an employer's right to intervene in a product liability action, and mindful that any workmen's compensation benefits that were paid to the plaintiff were paid pursuant to New York Compensation Law. TJS Associates' motion to intervene is denied.
Austin, J.
[EDITORS' NOTE: THE NEXT PAGE IS PAGE 8728.]
[EDITORS' NOTE: The Case that formerly appeared here has been withdrawn.] CT Page 8728