[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: OBJECTION TO MOTION TO INTERVENE NO. 103
The plaintiff, Manuel Pereira ("Pereira") filed this product liability action July 29, 1993, against the following defendants: Darien Rental Service Co. ("Darien"), Bandit Industries, Inc. ("Bandit"), and Performance First, Inc. ("Performance"). The plaintiff seeks to recover money damages for injuries sustained on August 12, 1991 resulting from the use of an alleged defective woodchipper machine.
The complaint contains three counts. Each count is addressed to a different defendant and contains claims based on the Product Liability Act, P.A. 79-483.
The plaintiff's employer, Northwood Construction Company ("Northwood"), paid all the applicable worker's compensation benefits to Pereira pursuant to General Statutes 31-294. On August 18, 1993, Northwood filed a motion to intervene pursuant to General Statutes 31-293(a) and an accompanying memorandum of law, seeking to recover the worker's compensation benefits paid to Pereira. On August 26, 1993, the plaintiff filed a memorandum in opposition to the motion to intervene.
General Statutes 31-293(a) "specifically grants an employer who has paid workers' compensation benefits to an employee the right to join as a party plaintiff in the employee's actions against third-party tortfeasors." (Citations omitted.) Gurliacci v. Mayer, 218 Conn. 531, 590 A.2d 914
(1991). General Statutes 31-293(a), which deals with the liability of third persons to an employer and an employee, provides in pertinent part:
 If either the employee or the employer brings an action against the third person, he shall forthwith notify the other, in writing, by personal representation or by registered or certified mail, of the action and of the name of the court to which the writ is returnable, and the other may join as a party plaintiff in the action within thirty days after such notification, and, if such other fails to join as a party plaintiff, his right of action against such person shall abate.
"An employer who does not receive notice from an employee CT Page 10158 concerning the institution of a third party action in accordance with 31-293 `[cannot] be barred from intervening by the passage of time which this statute prescribes, because, until notice is given, the time does not begin to run.'" (Citations omitted.) Winslow v. Lewis-Shepard, Inc., 216 Conn. 533, 537,582 A.2d 1174 (1990).
In support of its motion to intervene Northwood stipulates to the fact that until the passage of P.A. 93-288, General Statutes 52-572r denied an employer the right to intervene in an employee's product liability action. Northwood argues that the Worker's Compensation Reform Act of 1993, P.A. 93-288 repealed Sec. 52-572r and now gives an intervening employer the right to intervene in a product liability action. Northwood further claims that the plaintiff's motion to intervene was timely filed pursuant to General Statutes 31-293 and is, therefore, entitled to intervene in this matter.
In response, the plaintiff argues that General Statutes52-572r controls this case and bars the instant notion to intervene. The plaintiff claims that his rights as well as the rights of the defendants vested at the time of his accident on August 12, 1991. At that time, General Statutes 52-572r was still in effect. To permit Northwood's proposed intervention would give P.A. 93-288 retroactive applicability, thereby altering the vested rights of the parties in this action. Therefore, the plaintiff urges the court to sustain his objection to the employer's motion to intervene in this product liability action.
As a general proposition, legislation which effects changes in matters of procedure "is presumed to be applicable to all actions, whether pending or not, in the absence of any expressed intention to the contrary." (Citations omitted.) Roberts v. Caton, 224 Conn. 483, 488, 619 A.2d 844 (1993). But "statutes affecting substantive rights shall apply prospectively only" unless "the legislature clearly and unequivocally expresses its intent that the legislation shall apply retrospectively." (Citations omitted; internal quotation marks omitted.) Miano v. Thorne, 218 Conn. 170, 175, 588 A.2d 189 (1991). "The rule that repeal [of a statute] does not operate to affect vested rights is applicable not only to those acquired under contracts but also to vested rights of action to recover damages for torts." (Citations omitted.) Massa v. Nastri, 125 Conn. 144, 147-48,3 A.2d 839 (1939). Practice Act 93-288 is silent as to whether CT Page 10159 the legislation should be applied retroactively. Therefore, the repeal of General Statutes 52-572r cannot be applied retroactively or act so as to affect the plaintiff's vested rights in this action.
The substantive rights of the parties are fixed at the time when the cause of action accrues. Champagne v. Raybestos-Manhattan, Inc., 215 Conn. 509, 521, 562 A.2d 1100
(1989). The employer's right to intervene is a substantive right associated with its right of subrogation under the Worker's Compensation Act. Bishop v. Navistar International, Inc., 3 Conn. L. Rptr. 416, 417-18 (March 1, 1991, Flinn, J.); Kovac v. Cummings Insulation, 8 CSCR 279 (February 10, 1993, Teller, J.).
"An employer's right to intervene is merely derivative and not independent of the employee's right to sue a nonemployer defendant." Mickel v. New England Coal Coke Co., 132 Conn. 671,678, 47 A.2d 187 (1946). "Where, as here, the employer intervenes in an action filed by the employee, the employer's rights as intervenor are governed by the same legal principles which control the plaintiff-employee's cause of action." Packtor v. Seppala AHO Construction Co., Superior Court, Judicial District of New Haven, Docket No. 303445 (January 5, 1993). "The law to be applied is that in effect when the [employee's] right to compensation arose, that is, when a compensable incapacity occurred." Bishop v. Navistar International, Inc., supra, 417. "The rights and obligations of both the employer and employee, including the employers' statutory right to intervene, are fixed and determined by statutory provisions in force at the time the employee received his injury. . . ." Bishop v. Navistar International, Inc., supra, 416; see Chieppo v. Robert E. Michael, Inc., 169 Conn. 646, 649,363 A.2d 1085 (1975).
In the present case, the plaintiff instituted this product liability action on July 29, 1993, after the effective date of P.A. 93-288. Northwood received notice of this pending action and filed a motion to intervene within thirty days of receipt of such notice. Nevertheless, the substantive rights of the parties were already fixed at the time when the plaintiff's cause of action accrued. In this case, the plaintiff's cause of action accrued on the date of the plaintiff's accident, August 12, 1991. At that time, General Statutes 52-572r was still in force and its application would bar the employer's attempt to CT Page 10160 intervene in the product liability action. Accordingly, the court sustains the plaintiff's objection and denies the employer's motion to intervene.
THE COURT
MAIOCCO, J.