CAROL MCENERNEY *v.* UNITED STATES SURGICAL
CORPORATION ET AL.
(AC 22437)

Mihalakos, Dranginis and Peters, Js.

Argued May 3—officially released October 1, 2002

*Jonathan H. Dodd*, for the appellant (plaintiff).

*Richard W. Lynch*, for the appellees (defendants).

MIHALAKOS, J. The plaintiff, Carol McEnerney, appeals from the decision of the workers' compensation review board (board) affirming the decision of the workers' compensation commissioner (commissioner). On appeal, the plaintiff claims that (1) the board improperly affirmed the commissioner's determination that she is not entitled to benefits under General Statutes § 31-308a[1] because she relocated to Florida and (2) the board improperly enforced the requirement in § 31-308a that she be willing and able to perform work in Connecticut because that requirement impermissibly restricts her right to interstate migration in violation of the constitution of the United States and the constitution of Connecticut.[2] We affirm the decision of the board.

The following undisputed facts and procedural history are relevant to the plaintiff's appeal. The plaintiff suffered a work-related injury on January 25, 1994, while employed by the defendant United States Surgical Corporation.[3] As a result, the plaintiff sought workers'

[1] General Statutes § 31-308a provides in relevant part: "(a) In addition to the compensation benefits provided by section 31-308 for specific loss of a member or use of the function of a member of the body, or any personal injury covered by this chapter, the commissioner, after such payments provided by said section 31-308 have been paid for the period set forth in said section, may award additional compensation benefits . . . . *Additional benefits provided under this section shall be available only to employees who are willing and able to perform work in this state.*

"(b) Notwithstanding the provisions of subsection (a) of this section, additional benefits provided under this section shall be available *only when the nature of the injury and its effect on the earning capacity of an employee warrant additional compensation.*" (Emphasis added.)

[2] Although the plaintiff claims a violation of her federal and state constitutional rights, she has not presented an adequate and independent state constitutional analysis, and, therefore, we limit our review to her federal constitutional claim. See *Stafford Higgins Industries, Inc.* v. *Norwalk*, 245 Conn. 551, 565 n.16, 715 A.2d 46 (1998); see also *State* v. *Eady*, 249 Conn. 431, 435 n.6, 733 A.2d 112, cert. denied, 528 U.S. 1030, 120 S. Ct. 551, 145 L. Ed. 2d 428 (1999).

[3] Sedgwick of Connecticut, Inc., the workers' compensation insurer for the named defendant, also is a defendant in this appeal.

compensation benefits and was awarded permanent partial disability benefits, which expired on January 31, 1997. The plaintiff received additional benefits pursuant to § 31-308a in the amount of $271.05 per week from February 1, 1997, to August 31, 1997, when she relocated to Florida.[4] Because the plaintiff believed that she was entitled to 15.72 more weeks of those benefits despite her relocation outside of Connecticut, she filed a claim with the workers' compensation commission.[5] The commissioner found that because the plaintiff now lives in Florida, she does not meet the requirement set forth in § 31-308a (a) that the benefits "shall be available only to employees who are willing and able to perform work in this state." The plaintiff appealed to the board, which affirmed the decision of the commissioner. Additional facts will be set forth as necessary.

Before addressing the merits of the plaintiff's claims, we set forth the standards governing our review of decisions by the board. "[W]hen a decision of a commissioner is appealed to the [board], the [board] is obligated to hear the appeal on the record of the hearing before the commissioner and not to retry the facts. . . . The commissioner has the power and duty, as the trier of fact, to determine the facts. . . . The conclusions drawn by [the commissioner] from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. . . . Our scope of review of the actions of the . . . [board] is similarly limited." (Internal quotation marks omitted.)

---

[4] The plaintiff relocated to Florida during the first week of September, 1997. Her relocation to Florida was voluntary and motivated, in part, by the possibility of living with her son there and escaping the inclement Connecticut weather.

[5] The parties stipulated before the commissioner that the plaintiff would have been entitled to 15.72 more weeks of benefits had she not relocated to Florida.

*Gartrell* v. *Dept. of Correction*, 259 Conn. 29, 36, 787 A.2d 541 (2002).

"It is well established that [a]lthough not dispositive, we accord great weight to the construction given to the workers' compensation statutes by the commissioner and review board. . . . A state agency is not entitled, however, to special deference when its determination of a question of law has not previously been subject to judicial scrutiny. . . . Where . . . [a workers' compensation] appeal involves an issue of statutory construction that has not yet been subjected to judicial scrutiny, this court has plenary power to review the administrative decision." (Internal quotation marks omitted.) *Tower* v. *Miller Johnson, Inc.*, 67 Conn. App. 71, 74, 787 A.2d 26 (2001); see also *Donahue* v. *Southington,* 259 Conn. 783, 787, 792 A.2d 76 (2002) ("traditional deference accorded to an agency's interpretation of a statutory term is unwarranted when the construction of a statute . . . has not previously been subjected to judicial scrutiny [or to] . . . a governmental agency's time-tested interpretation").

I

The plaintiff first claims that the board improperly affirmed the commissioner's finding that she is not entitled to benefits under § 31-308a because she relocated to Florida. Specifically, she argues that because she unsuccessfully sought employment in Connecticut for more than one year prior to the time that she relocated to Florida, she demonstrated that she was "willing and able to perform work in this state," within the meaning of § 31-308a (a). In the alternative, she argues that she is entitled to benefits under § 31-308a (b) even if she no longer qualifies for benefits under § 31-308a (a). We disagree.

Because no Connecticut appellate court has had the opportunity to examine the relevant statutory language

at issue, we employ our well established canons of statutory construction. "[O]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature." (Internal quotation marks omitted.) *Alvarado* v. *Black*, 248 Conn. 409, 414, 728 A.2d 500 (1999). "A cardinal rule of statutory construction is that where the words of a statute are plain and unambiguous the intent of the [drafters] in enacting the statute is to be derived from the words used. . . . Where the court is provided with a clearly written rule, it need look no further for interpretive guidance." (Internal quotation marks omitted.) *Board of Education* v. *Naugatuck*, 70 Conn. App. 358, 376, 800 A.2d 517 (2002).

Indeed, "[w]e are constrained to read a statute as written . . . and we may not read into clearly expressed legislation provisions which do not find expression in its words . . . ." (Citation omitted; internal quotation marks omitted.) *Giaimo* v. *New Haven*, 257 Conn. 481, 494, 778 A.2d 33 (2001). "In interpreting the language of a statute, the words must be given their plain and ordinary meaning and their natural and usual sense unless the context indicates that a different meaning was intended." (Internal quotation marks omitted.) *In re Darlene C.*, 247 Conn. 1, 10, 717 A.2d 1242 (1998); see also General Statutes § 1-1 (a).

We conclude that the language of § 31-308a is plain and unambiguous. Section 31-308a permits the commissioner to award additional benefits to a claimant whose earning capacity has been affected adversely by a work-related accident once a specific award of workers' compensation benefits has been exhausted. Subsection (a) of § 31-308a, however, limits the availability of such an award, providing in relevant part: "Additional benefits provided under this section shall be available only to employees who are *willing and able* to perform work in [Connecticut]." (Emphasis added.)

In the present case, the board held that "[e]ntitlement for temporary total and partial disability benefits generally depends upon a claimant's continuing inability to work and continuing wage loss; similarly, eligibility for § 31-308a benefits depends upon a claimant's sustained satisfaction of the criteria in that statute." The plaintiff argues that because she unsuccessfully sought work prior to relocating to Florida, she was "willing" to perform work in Connecticut. We agree with the board.

The use of the word "are" in § 31-308a (a) evinces the legislature's intent that a claimant must presently fulfill the "willing and able" requirement to receive benefits. If the claimant ceases to be "willing and able" to work in Connecticut, she no longer satisfies the statute. In addition, § 31-308a (a) requires that a claimant be *both* willing and able to perform work in Connecticut. A look at the ordinary meaning of the words reveals that "willing" means "done . . . by choice"; Merriam-Webster's Collegiate Dictionary (10th Ed. 1993); and "able" means "having sufficient power . . . or resources to accomplish an object." Merriam-Webster's Collegiate Dictionary (10th Ed. 1993).

We conclude that the board properly found that the plaintiff was neither willing nor able to perform work in the state of Connecticut. Although we recognize that the plaintiff did actively seek employment in Connecticut before her relocation, she chose to relocate to Florida of her own volition. Furthermore, the plaintiff relinquished her residency in Connecticut and works part time in Florida. The relocation to Florida clearly demonstrates the plaintiff's unwillingness to perform work in Connecticut. Furthermore, to find that she is able to work in Connecticut while residing in Florida is patently unrealistic.[6]

---

[6] We do note that there are circumstances in which a nonresident's commute to work in Connecticut would be plausible, such as for those living in New York, New Jersey, Rhode Island and the surrounding areas.

The plaintiff argues, in the alternative, that she is entitled to benefits under § 31-308a (b) even if she no longer qualifies for benefits under subsection (a) because she relocated to Florida. She interprets subsection (b) as a provision that confers on the commissioner the discretion to award additional benefits, unfettered by the limitations in subsection (a). The plaintiff's interpretation does not comport with the express language of the statute. Contrary to the plaintiff's argument, the express language of § 31-308a (b) restricts the commissioner's authority to compensate even those employees who meet the criteria in subsection (a) to circumstances "only when the nature of the injury and its effect on the earning capacity of an employee warrant additional compensation." On the basis of the foregoing, the board properly affirmed the commissioner's decision to discontinue the plaintiff's additional benefits pursuant to § 31-308a.

II

Next, the plaintiff claims that the requirement in § 31-308a that she be willing and able to perform work in Connecticut impermissibly restricts her right to interstate migration in violation of the constitution of the United States. Specifically, she argues that the requirement is a penalty for relocating out of Connecticut that is unsupported by an appropriate state interest and impinges on her right to migrate to Florida.[7] We disagree.

In the present case, the plaintiff is seeking additional workers' compensation benefits after having voluntarily

[7] The board refused to address the plaintiff's claim that General Statutes § 31-308a is unconstitutional because it determined that it lacked jurisdiction to consider claims concerning the constitutionality of statutes, citing *Giaimo* v. *New Haven*, supra, 257 Conn. 490 n.8; see also *Caldor, Inc.* v. *Thornton*, 191 Conn. 336, 342–44, 464 A.2d 785 (1983), aff'd, 472 U.S. 703, 105 S. Ct. 2914, 86 L. Ed. 2d 557 (1985); *Tufaro* v. *Pepperidge Farm, Inc.*, 24 Conn. App. 234, 236, 587 A.2d 1044 (1991).

relocated to Florida. Relying on *Memorial Hospital* v. *Maricopa County*, 415 U.S. 250, 258, 94 S. Ct. 1076, 39 L. Ed. 2d 306 (1974), the plaintiff argues that a law that penalizes those who exercise their right to travel is subject to strict scrutiny analysis and must be justified by a compelling state interest.[8] Further, she contends that the law fails that test because merely saving money is insufficient to demonstrate a compelling state interest.

"[T]he constitutional right to travel from one State to another is firmly embedded in our jurisprudence." (Internal quotation marks omitted.) *Saenz* v. *Roe*, 526 U.S. 489, 498, 119 S. Ct. 1518, 143 L. Ed. 2d 689 (1999), citing *United States* v. *Guest*, 383 U.S. 745, 757, 86 S. Ct. 1170, 16 L. Ed. 2d 239 (1966); see also 16B Am. Jur. 2d, Constitutional Law § 612 (1998). The right to travel "protects the right of a citizen of one State to enter and to leave another State, the right to be treated as a welcome visitor rather than an unfriendly alien when temporarily present in the second State, and, for those travelers who elect to become permanent residents, the right to be treated like other citizens of that State." *Saenz* v. *Roe*, supra, 500. Hence, the "right to travel" implicates how a citizen is treated in her *new state of residence.* See id. (limitation on welfare benefits received by new residents for first year of residency unconstitutional); see also *Memorial Hospital* v. *Maricopa County*, supra, 415 U.S. 250 (one year residency requirement before new indigent resident could receive medical benefits at county's expense unconstitutional); *Shapiro* v. *Thompson*, 394 U.S. 618, 89 S. Ct. 1322, 22 L. Ed. 2d 600 (1969) (one year residency requirement before new resident could receive welfare benefits

---

[8] The defendants claimed that the legislative history of General Statutes § 31-308a reveals that the purpose of restricting additional benefits to employees who are willing and able to perform work in this state was to reduce the rising costs of the workers' compensation system.

unconstitutional), overruled in part on other grounds, *Edelman* v. *Jordan*, 415 U.S. 651, 670–71, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974). Such is not the case here.

In fact, the United States Supreme Court previously addressed an issue similar to that presented by the plaintiff in this case. In *Califano* v. *Torres*, 435 U.S. 1, 98 S. Ct. 906, 55 L. Ed. 2d 65 (1978), the claimants argued that the provisions of the Social Security Act, which make benefits for aged, blind and disabled persons under the supplemental security income program payable only to residents of the United States, violate their constitutional right to travel. The claimants lost those benefits after relocating from the northeastern United States to Puerto Rico. Id., 3. The court expressly declined to extend the right to travel to encompass one's right to relocate to another state and yet avail oneself of the benefits to which one was entitled in one's former state. Id., 4. The court recognized that it "has never held that the constitutional right to travel embraces any such doctrine . . . ." Id. The court further stated that "[s]uch a doctrine would apply with equal force to any benefits a State might provide for its residents, and would require a State to continue to pay those benefits indefinitely to any person who had once resided there. And the broader implications of such a doctrine in other areas of substantive law would bid fair to destroy the independent power of each State under our Constitution to enact laws uniformly applicable to all of its residents." Id., 4–5.

Because the plaintiff's "right to travel" is not implicated, her claim that § 31-308a violates the constitution of the United States because it is not necessary to accomplish a compelling state interest has no merit.[9]

---

[9] Absent a fundamental right being at issue or the presence of a suspect class, whether a statute is constitutional is subject to the rational basis test. See *City Recycling, Inc.* v. *State*, 247 Conn. 751, 760, 725 A.2d 937 (1999). Because neither party presented this court with an analysis of General Statutes § 31-308a under the rational basis test, we end our discussion here.

The decision of the workers' compensation review board is affirmed.

In this opinion the other judges concurred.

"We are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . We will not review claims absent law and analysis." (Citation omitted; internal quotation marks omitted.) *State* v. *Jones*, 67 Conn. App. 25, 27 n.2, 787 A.2d 43 (2001).