## CHARLES ESPOSITO *v.* WALDBAUM'S, INC.
### (AC 22857)

Foti, Bishop and Hennessy, Js.

Argued April 28—officially released August 5, 2003

*Kevin J. Maher*, with whom, on the brief, was *James D. Moran, Jr.*, for the appellant (defendant).

*Steven D. Jacobs*, for the appellee (plaintiff).

*Opinion*

HENNESSY, J. The defendant Waldbaum's, Inc.,[1] appeals from the decision of the workers' compensation review board (board) affirming the decision of the trial commissioner (commissioner) that General Statutes § 31-307 (e)[2] does not apply to the plaintiff, Charles Esposito, because his injury preceded the enactment of that statutory subsection. On appeal, the defendant claims that the board improperly affirmed the decision of the commissioner because the commissioner incor-

[1] Royal Insurance Company also is a defendant, but is not a party to the present appeal. We therefore refer in this opinion to Waldbaum's, Inc., as the defendant.

[2] General Statutes § 31-307 (e) provides: "Notwithstanding any provision of the general statutes to the contrary, compensation paid to an employee for an employee's total incapacity shall be reduced while the employee is entitled to receive old age insurance benefits pursuant to the federal Social Security Act. The amount of each reduced workers' compensation payment shall equal the excess, if any, of the workers' compensation payment over the old age insurance benefits."

rectly applied the "date of injury rule"[3] instead of the "date of disability rule" espoused in *Mulligan* v. *F. S. Electric*, 231 Conn. 529, 651 A.2d 254 (1994). We affirm the decision of the board.

The commissioner found the following facts. The plaintiff suffered a compensable back injury on February 27, 1988, while employed as a bakery chef in the defendant's grocery store. On August 28, 1990, the commissioner approved 117 weeks of benefits to compensate the plaintiff for a 22.5 percent permanent partial impairment incurred as a result of the 1988 injury.[4]

The commissioner adjudicated the plaintiff to be totally disabled since January 3, 1994, within the meaning of § 31-307. The commissioner also found (1) that the plaintiff became eligible for social security retirement benefits when he attained the requisite age of sixty-five on June 17, 1998, and (2) that the social security retirement offset contained in § 31-307 (e) did not apply to the plaintiff because that statutory subsection was enacted in 1993 after the plaintiff had suffered his disabling injury. The findings of the commissioner were affirmed on appeal by the board.

On appeal, the defendant argues that the date of total disability controls the applicability of § 31-307 (e). The defendant contends that the statute applies to the plain-

---

[3] "The date of injury rule is a rule of statutory construction that establishes a presumption that new workers' compensation legislation affecting rights and obligations as between the parties, and not specifying otherwise, applie[s] only to those persons who received injuries after the legislation became effective, and not to those injured previously." (Internal quotation marks omitted.) *Badolato* v. *New Britain*, 250 Conn. 753, 756 n.5, 738 A.2d 618 (1999).

[4] The 22.5 percent partial impairment was derived from a compromise between the 20 percent disability presented by the defendant's physician and the 25 percent impairment offered by the plaintiff's physician. The compromise figure was memorialized in a voluntary agreement between the plaintiff and the defendant Royal Insurance Company, which is not a party to this appeal.

tiff because he was rendered totally disabled after the enactment of § 31-307 (e). See Public Acts 1993, No. 93-228, § 16 (P.A. 93-228). To support its contention, the defendant argues that our Supreme Court abandoned the "date of injury rule," which traditionally applies to workers' compensation statutes, in *Mulligan* v. *F. S. Electric*, supra, 231 Conn. 529. We do not agree.

The plaintiff contends that § 31-307 (e) does not apply because his injury occurred prior to the subsection's effective date, which was July 1, 1993. See P.A. 93-228, § 35. We conclude that the date of injury is the controlling date and, therefore, that § 31-307 (e) does not apply to the plaintiff.

At the outset, we set forth the appropriate standard of review. "The scope of our appellate review depends upon the proper characterization of the rulings made by the [board]. To the extent that the [board] has made findings of fact, our review is limited to deciding whether such findings were clearly erroneous. When, however, the [board] draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *New London* v. *Picinich*, 76 Conn. App. 678, 683, 821 A.2d 782 (2003). Clearly, the defendant's appeal involves a question of law. We have stated: "Where . . . [a workers' compensation] appeal involves an issue of statutory construction that has not yet been subjected to judicial scrutiny, this court has plenary power to review the administrative decision." (Internal quotation marks omitted.) *McEnerney* v. *United States Surgical Corp.*, 72 Conn. App. 611, 614, 805 A.2d 816, cert. denied, 262 Conn. 916, 811 A.2d 1292 (2002).

The resolution of the defendant's appeal hinges on whether § 31-307 (e) applies retroactively. Before we

reach that issue, we note that *Mulligan* is not dispositive of the issue before us. The precise issue addressed in *Mulligan* was "whether an injured employee's workers' compensation benefit rate . . . should be determined . . . by reference to the employee's earnings preceding the date on which he was injured or preceding the date on which he became incapacitated." *Mulligan* v. *F. S. Electric*, supra, 231 Conn. 532. The *Mulligan* court simply utilized the date of total disability as a mere component in the calculation of the workers' compensation benefit rate; therefore, it does not follow that the date of injury rule has been abandoned. See *Green* v. *General Dynamics Corp.*, 44 Conn. App. 112, 119, 687 A.2d 550 (1996), rev'd on other grounds, 245 Conn. 66, 712 A.2d 938 (1998). Hence, *Mulligan* is not applicable to the resolution of the defendant's appeal.

We must now address the issue of whether § 31-307 (e) is applicable to the plaintiff because his injury was suffered five years prior to the enactment of the statute.

To resolve that issue, we are guided by well defined principles of statutory construction. See *Hall* v. *Gilbert & Bennett Mfg. Co.*, 241 Conn. 282, 302, 695 A.2d 1051 (1997). We begin by noting that a recently enacted statute, which imposes a new obligation on any person, shall not be construed to have a retrospective effect. General Statutes § 55-3. In addition, our Supreme Court has stated that when interpreting a workers' compensation statute, it is an "accepted principle that a statute affecting substantive rights is to be applied only prospectively unless the legislature clearly and unequivocally expresses its intent that the legislation shall apply retrospectively." *Badolato* v. *New Britain*, 250 Conn. 753, 757, 738 A.2d 618 (1999).

Our Supreme Court recently set forth the proper analysis for statutory interpretation and legislative intent in *State* v. *Courchesne*, 262 Conn. 537, 816 A.2d 562

(2003) (en banc). The analysis requires us to "look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Internal quotation marks omitted.) Id., 577. Our determination of whether § 31-307 (e) applies prospectively is guided by the aforementioned principles of statutory interpretation.

Traditionally, the rights and obligations of the employer and employee are assessed at the date of injury. "The contract of employment incorporates the Workers' Compensation Act [(act), General Statutes § 31-275 et seq.] . . . ." *Chieppo* v. *Robert McMichael, Inc.*, 169 Conn. 646, 649, 363 A.2d 1085 (1975). "The rights and obligations of both parties to the contract are fixed and determined by the contractual and statutory provisions in force at the time the employee is injured." Id. Procedural rights under the act do not vest at the time of injury. See *Badolato* v. *New Britain*, supra, 250 Conn. 758. Consequently, in the workers' compensation context, "the date of injury rule . . . functions as a presumption of legislative intent . . . against retroactive application of a statute." Id.

To determine whether the statute affects a substantive or procedural right, we look at the right or remedy involved in the legislation. See *Davis* v. *Forman School*, 54 Conn. App. 841, 854–55, 738 A.2d 697 (1999). In *Davis*, we stated that "a substantive law creates, defines and regulates rights while a procedural law prescribes the methods of enforcing such rights or obtaining redress." (Internal quotation marks omitted.) Id. We went on to state that "[w]here the amendment is not substantive . . . not directed to the right itself, but rather to the remedy, it is generally considered a distinctly procedural matter." Id., 855.

The statutory subsection at issue clearly affects an employer's substantive right to reduce the compensation benefits of a disabled worker once the employee becomes eligible for social security retirement benefits. Hence, absent a clear expression of legislative intent to the contrary, the defendant's right to reduce the plaintiff's compensation must have vested on the date of injury.

Our Supreme Court declared § 31-307 (e) to be constitutional in *Rayhall* v. *Akim Co.*, 263 Conn. 328, 346–47, 819 A.2d 803 (2003). There, the Supreme Court discussed the legislative purpose and policy that gave rise to § 31-307 (e). The statute was enacted during an effort by the legislature to reform the act. Id., 346. The goal of the reformation was to ease the economic burden that the act imposed on employers. Id.; see also P.A. 93-228, § 16. "There is no legislative history referencing any specific intent with respect to the offset, now codified in § 31-307 (e). . . . The only legislative history that expressly addresses the offset merely reflects that the legislature was aware of similar offset provisions in other jurisdictions . . . ." (Citation omitted.) *Rayhall* v. *Akim Co.*, supra, 347. Because the legislative history is not helpful to our resolution of the defendant's appeal, we look at the relationship of the statute to the existing legislation and common-law rules.

A statute is enacted as a whole and must be read as a whole rather than as separate parts or sections. *Badolato* v. *New Britain*, supra, 250 Conn. 760. Similarly, when the court engages in statutory analysis, it "consider[s] the statute as a whole . . . [and reconciles] its . . . parts . . . to render a reasonable overall interpretation." (Internal quotation marks omitted.) *Davis* v. *Forman*, supra, 54 Conn. App. 844.

General Statutes (Rev. to 1987) § 31-307 provides in relevant part that "[i]f any injury for which compensa-

tion is provided under the provisions of this chapter *results in total incapacity* to work, there shall be paid to the injured employee a weekly compensation equal to sixty-six and two-thirds per cent of his average weekly earnings *at the time of the injury* . . . ." (Emphasis added.) Here, the commissioner found that the compensable injury suffered by the plaintiff in 1988 *resulted in* his total incapacity to work as of 1994. Pursuant to *Chieppo*, the rights and obligations of both parties were fixed as of the date of injury, February 27, 1988. Subsection (e) of § 31-307, enacted in 1993, must be applied prospectively because it impacts substantive rights. For that reason, § 31-307 (e) does not apply to the plaintiff. We conclude that the decision of the board was correct as a matter of law.

The decision of the workers' compensation review board is affirmed.

In this opinion the other judges concurred.